THOMAS PERRY, Respondent, *v.* JOHN H. EDWARDS, Appellant.

In an action to recover the penalty, provided by section 15 of the excise law of 1857, for the sale of spirituous liquors to a minor under the age of eighteen years, the plaintiff has the burden of showing that the defendant knew or had reason to believe that the person to whom sale was made was under the age of eighteen years. The words of the statute "knowing or having reason to believe him to be such," apply to minors, as well as to Indians and apprentices.

(Argued September, 1870, for the respondent and submitted on the part of the appellant; decided December 29, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the third district, directing the entry of judgment upon a verdict for the plaintiff, upon exceptions there heard in the first instance.

This is an action to recover several penalties for violations of the fifteenth section of the excise law of 1857. The plaintiff recovered a verdict for seventy dollars. The exceptions taken and the facts upon which they are based are set forth in the opinion of the court.

*A. Melvin Osborn*, for the appellant, upon the question of construction of the statute, cited *Van Valkenburgh* v. *Torrey* (7 Cow., 252); *Sprague* v. *Birdsall* (2 Cow., 419); *Coolidge* v. *Williams* (4 Mass., 145); *Melady* v. *Reab* (id., 473); *Sturgis* v. *Maitland* (Anth., N. P., 208); *People* v. *Brooks* (4 Den., 469).

*Danforth K. Olney*, for the respondent.

HUNT, C.   The fifteenth section of the excise act of 1857 is in these words: "§ 15. No inn, tavern or hotel keeper, or any other person licensed to sell any strong or spirituous liquors, or wines, shall sell or give away any such liquors or wines to any Indian, or apprentice, knowing or having reason to believe him to be such, without the consent of his master or mistress, nor to any minor under the age of eighteen years, without the consent of his father or mother or guardian. Whoever shall offend against either of these provisions shall forfeit ten dollars, to be recovered by the master of such apprentice or servant, or by the parent or guardian of such minor; and any person who shall sell, or give away, any strong or spirituous liquors to any Indian in this State, shall be deemed guilty of a misdemeanor, and on conviction shall be liable to a fine of twenty-five dollars for each and every offence."

On the trial the plaintiff gave evidence that the defendant kept an hotel; that he had a license to keep the same; that on several occasions he had sold spirituous liquors to his son,

and that his son was under eighteen years of age. The defendant's counsel requested the court to charge the jury, that unless the defendant knew or had reason to believe that the son was under eighteen years of age, this action could not be sustained. To the refusal so to charge the defendant excepted, and upon this exception arises the subject of contention. The court did charge that if the defendant established to the satisfaction of the jury, that he neither knew, nor had reason to believe that the minor was under the age of eighteen years, the penalty did not attach. The presumption of law, he held to be against the defendant.

The words, "nor to any minor under the age of eighteen years, without the consent of his father or mother, or guardian," are of themselves an incomplete sentence. They convey neither command nor prohibition, nor indeed any idea whatever. It is only by means of the connection with the previous words that they receive any meaning. The plaintiff argues that the word "nor" attaches the sentence, of which it is a part, to the prohibition to sell or give away spirituous liquors only. The defendant argues, that it attaches it to all that precedes it, and that it reads as if the word a minor had been interjected into the statute between the words Indian and apprentice. The latter construction imposes a penalty only where the seller knows, or has reason to believe the person to whom he sells, to be one of the prohibited class. The former makes him liable, if the person to whom he sells, is in fact of that class, without reference to his knowledge or belief.

In examining this statute, I am impressed with the belief, that it was drawn and intended by the drawer to reach the case of an Indian or apprentice only, and that it was in that form reported to the legislature. Concurring in its design, but believing that it might well be extended to another class, some member moves that it be made applicable to minors also. This is assented to. In what language shall the amendment be made? Two modes are obvious. First to insert the word "minor under the age of eighteen years" immediately after the word apprentice, and the words "or father or

mother," after the word mistress. The sentence would then have read, "that no spirituous liquors shall be sold by an innkeeper to any Indian or apprentice, or minor under the age of eighteen years, knowing, or having reason to believe him to be such, without the consent of his master or mistress, or father or mother." If this mode of making the amendment had been adopted, it cannot be doubted that the defendant's construction would be the true one.

The same object might have been accomplished by the use of the language as it now stands in the statute. Another class was added, with the addition of the proper person to give the consent. This was done, not by insertion or interventions, but simply by naming the class at the end of the sentence as it stood. The legislature might well have supposed that either mode of making the amendment, would produce the same result. In my opinion, this is the proper construction to be given to the statute. The knowledge of the *status* of the person to whom the sale is made, or reason to believe that such is his *status*, must be established by the prosecutor to justify a recovery of the penalty.

This is a most just and reasonable construction. To a person over the age of eighteen years, whatever the class, condition, or circumstance, or age or sex, the innkeeper is licensed to sell. To a married man, to an unmarried man, to a married woman, or an unmarried woman, to the sick or the healthy, the rich and prosperous, the wretched or the debauched, the sale may lawfully be made. There is but this restriction. It may not be made to a minor under eighteen, an Indian, or an apprentice, unless with the consent of the relative indicated. The minor may be quite a young child, in which case it would be evident to the innkeeper that he was under eighteen; the penalty would then attach. He may, however, be nearly at the limited age, with an appearance of more years, in which case the innkeeper may have no reason to suppose that he came within the prohibition. The legislature, by giving an express authority to sell, at least do not condemn, or stigmatize the traffic. While in the fair line of

sale authorized by his license, the seller, like every other person acting by the authority of the law, should not be exposed to traps and pitfalls. If he intends to comply with the terms and conditions of his authority, he should be protected.

An examination of the Revised Statutes of 1827, and of the manner of their adoption, confirms my opinion that the one I have given is the proper construction of this statute. It is there provided (1 R. S., 681, § 17), that no tavern-keeper, grocer or other person licensed to sell any strong or spirituous liquors or wines, shall sell any such liquors to any apprentice or servant, knowing or having reason to believe him to be such, without the consent of his master; nor to any minor under the age of fourteen years, without the consent of his father or mother or guardian. This section 17 is described in the reviser's note as being the same as section 16. This note is there made " original note to section 16, eleventh section extended to children." It is apparent, from this note, that the section, when reported by the revisers, applied to apprentices and servants only, and that the legislature extended it to the case of children. This they did, not by the interposition of a new class where the original class is described, but by naming the further class in a new sentence. They evidently intended that all the qualifications originally existing should exist also as to the new class added by them. The provisions as to servants and apprentices are " extended to children."

So again by the section following in the Revised Statutes (section 18), it is enacted that no tavern-keeper shall, directly or indirectly, take or receive from any such apprentice or servant or minor, any clothing, money, goods or things in action, in payment for any such liquors, or in pawn or pledge to secure any such payment. Here the amendment was made by the interposition of a single word. The three classes are placed in the same category, and the same penalty of three times the value of the articles so received is given as to each class.

I find some English authorities which go to sustain the

view I have taken. In *Morgan* v. *Hedges*, and in *Cooley* v. *Benton* (10 Com. Law Series, Law Reports, Oct., 1870, 485 to 489), the defendant in each case was charged with violation of 11 and 12 Vic., chap. 49, in opening his house for the sale of beer on Sunday, during the prohibited hours, and suffering beer to be drank therein, " the same not being for refreshment to any traveler or lodger in said house," in the language of the statute; held, that it must be proved by the informer that the innkeeper knew that they were not travelers.

Upon the whole case, I am of the opinion that the construction given to the statute by the defendant below, the appellant here, is the correct one. The refusal of the judge to instruct the jury as requested was error, and a new trial must be had.

For reversal, HUNT and GRAY, CC., and LOTT, Ch. C.; for affirmance, EARL and LEONARD, CC.

Judgment reversed and new trial ordered, costs to abide the event.